**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

Ohio County Commission, *et al.*,

Plaintiffs,

v.

Express Scripts, Inc., *et al.*,

Defendants.

Case No.: 5:24-CV-142-JPB

Honorable John Preston Bailey

State of West Virginia *ex rel.* John B. McCuskey, Attorney General,

Plaintiff,

v.

Evernorth Health, Inc., *et al.*,

Defendants.

Case No.: 5:25-CV-182-JPB

Honorable John Preston Bailey

**SUPPLEMENTAL JOINT STATUS REPORT FOLLOWING SUPERVISED MEET AND CONFER**

Pursuant to the instructions provided by the Court's career law clerk Haley Dill at the July 23, 2026, supervised meet-and-confer, *see* ECF No. 366, the West Virginia Attorney General's Office (**AGO**) and the Express Scripts Defendants file this Supplemental Joint Status Report to memorialize their agreement concerning only the subpoena directed to the AGO, incorporated by reference herein, that is the subject of Express Scripts' motion to compel, the AGO's motion to quash, and the State of West Virginia's motion for protective order. *See* ECF Nos. 313–315; No. 5:25-CV-182-JPB, ECF No. 69. Express Scripts, AGO, and the State will file mutual motions to withdraw their respective motions without prejudice on the basis of the agreement outlined below.

As used herein, "MLP" refers to the West Virginia Mass Litigation Panel and the following cases: *In re Opioid Litigation*, Civil Action No. 19-C-9000 Master Case, Civil Action No. 21-C-9000 MFR, Civil Action No. 21-C-9000 Distributor, Civil Action No. 21-C-9000 PHARM. "CT2" refers to consolidated cases *City of Huntington v. AmerisourceBergen Drug Corp.*, No. 3:17-01362 (S.D.W. Va.) and *Cabell County Commission v. AmerisourceBergen Drug Corp.*, No. 3:17-01665 (S.D.W. Va.).

Reserving all rights and objections, and without waiving any privilege, protection, or legal position, the parties have agreed to the following:

A. The AGO will respond to Express Scripts' subpoena for the **Gap Period**, which runs from **January 1, 2020**, through **December 31, 2025**. Express Scripts will propose search terms to the AGO for the Gap Period, which the parties will further negotiate in good faith as needed. Express Scripts reserves all rights and waives none to separately seek additional responsive documents through the present.

B. Express Scripts will propose narrow, subject-matter specific search terms for the AGO to run during the **Prior Period**, which runs from **1996** through **December 31, 2019**. The search terms will not knowingly be duplicative of searches previously performed in the MLP and CT2 and will be aimed at identifying responsive documents that would not have been captured by prior searches.

C. The AGO will apply the agreed search terms to reasonably accessible databases, custodians, document repositories, and other sources likely to contain responsive materials within its possession, custody, or control. If a search produces an unexpectedly large, disproportionate, or otherwise unworkable volume of results, the parties will confer in good faith and revise the applicable search terms or parameters as reasonably necessary.

D. After the parties agree upon the initial search terms, the AGO will conduct the searches and produce responsive, nonprivileged documents on a reasonable rolling schedule, with due regard for the Court's deadlines in the *Ohio County* matter. The parties will confer in good faith regarding reasonable modifications to the searches if the productions or other developments demonstrate that modification is warranted.

E. The AGO need not create any document, dataset, report, chart, compilation, or analysis that does not already exist in the ordinary course of business.

F. If, after reviewing the AGO's productions, Express Scripts believes that specific responsive documents or a discrete category of responsive documents may not have been produced from the Gap Period or the Prior Period, Express Scripts will identify the documents or category with reasonable specificity and explain the basis for its belief. The parties will

confer in good faith regarding whether a reasonable supplemental search is warranted, including whether additional search terms should be run over the Prior Period. Nothing in this provision expands the scope of the subpoena or limits the AGO's right to object to any proposed supplemental search based on preserved objections for burden, proportionality, accessibility, cost, possession, custody, control, or any other applicable ground.

G. This Agreement governs only the subpoena directed to the AGO, incorporated into this Agreement by reference. This Agreement does not enlarge, amend, or supplement that subpoena.

H. All productions made by the AGO under this Agreement shall be subject to the protective order entered in the *Ohio County Commission* action, Case No. 5:24-CV-142, including the Agreed Protective Order entered on August 25, 2025 (ECF No. 204), and the Stipulation and Agreed Order Regarding Production of Documents and Electronically Stored Information entered on August 25, 2025 (ECF No. 205).

I. The AGO may withhold or redact material protected by the attorney-client privilege, work-product doctrine, deliberative-process or other applicable privilege, HIPAA, state or federal confidentiality law, protective order, or any other similar law or provision. Production does not waive any privilege or protection. To the extent the AGO withholds or redacts material it asserts is protected by any of the foregoing, the AGO will state the basis for its assertion of privilege and produce a privilege log consistent with Federal Rule of Civil Procedure 45(e)(2).

J. The parties will confer in good faith concerning disputes under this Agreement, but cooperation does not enlarge the AGO's obligations or waive any objection.

K. Each party retains all rights concerning enforcement of, or relief from, the subpoena and this Agreement.

L. Withdrawal of any pending motion by Express Scripts or the AGO related to Express Scripts' subpoena to the AGO is without prejudice.

M. No statement in this Agreement constitutes an admission concerning the relevance, discoverability, completeness, or admissibility of any document or information.

Dated: August 17, 2026

Respectfully Submitted,

**JOHN B. MCCUSKEY**
**ATTORNEY GENERAL OF WEST VIRGINIA**

By: *Abby Cunningham*
Jace H. Goins (WVSB #6894)
*Chief Deputy Attorney General*
Abby Cunningham (WVSB #13388)
*Assistant Attorney General*

Office of the West Virginia Attorney General
P.O. Box 1789
Charleston, WV 25326
Telephone: (304) 558-8986
Jace.H.Goins@wvago.gov
Abby.G.Cunningham@wvago.gov

*Counsel for the Office of the West Virginia Attorney General*

**HISSAM FORMAN DONOVAN RITCHIE PLLC**
Ryan McCune Donovan (WVSB #11660)
Michael B. Hissam (WVSB#11526)
700 Virginia St. East, Suite 210
Charleston, WV 25301
Telephone: (681) 26-3802
rdonovan@hfdrlaw.com
mhissam@hfdrlaw.com

*Special Assistant Attorneys General*
*For the State of West Virginia*

By: */s/ William J. Ihlenfeld*
William J. Ihlenfeld (WV Bar No. 7465)
Maximillian F. Nogay (WV Bar No. 13445)
**MAVERICK LITIGATION**
Post Office Box 613
Morgantown, WV 26507
wji@maverickwv.com
max@maverickwv.com
Tel: (304) 322-6625
Fax: (304) 906-2560

Charles R. Bailey (WV Bar #202)
BAILEY & WYANT, PLLC
500 Virginia Street, East, Suite 600
Post Office Box 3710
Charleston, West Virginia 25337-3710
T: (304) 345-4222
F: (304) 343-3133
cbailey@baileywyant.com

Justin C. Taylor
Senior Trial Counsel
LITCHFIELD CAVO LLP
8 Capitol Street
Terminal Building - 4th Floor
Charleston, WV 25301
(304) 833-9958
TaylorJ@LitchfieldCavo.com

Michael Lyle (*pro hac vice*)
Jonathan G. Cooper (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
555 13th Street NW, Suite 600
Washington, D.C. 20004
(202) 538-8000
mikelyle@quinnemanuel.com
jonathancooper@quinnemanuel.com

Patrick King (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
700 Louisiana St., Suite 3900
Houston, TX 77002

(713) 221-7000
patrickking@quinnemanuel.com

Elisabeth Miller (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
295 5th Avenue, 9th Floor
New York, NY 10016
(212) 849-7000
elisabethmiller@quinnemanuel.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

It is hereby certified that on this 17th day of August, I served the foregoing document on all counsel of record via the Court's Electronic Case Filing (ECF) system.

DATED August 17, 2026.

*/s/ Maximillian F. Nogay*